UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAWN MICHELLE ONTIVEROS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:22-cv-01694-EJY<br><br>**ORDER** |

Plaintiff Dawn Michelle Ontiveros ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance ("DIB") under Title II of the Social Security Act (the "Act"). ECF No. 14. On February 27, 2023, the Commissioner filed a Cross-Motion to Affirm and Response to Plaintiff's Motion for Reversal and Remand. ECF Nos. 16, 17. On March 20, 2023, Plaintiff filed her Reply. ECF No. 18. For the reasons stated below, the Commissioner's decision is affirmed.

## I.  BACKGROUND

Plaintiff filed an application for disability insurance benefits on March 26, 2020 alleging disability beginning on September 4, 2019. Administrative Record ("AR") 232-233. The Social Security Administration denied Plaintiff's claim initially and upon reconsideration (AR 127-131, 134-137), followed by Plaintiff's request for a hearing before an Administrative Law Judge ("ALJ"). AR 143. The ALJ held a hearing on August 6, 2021. AR 46-65. On September 1, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 25-40. Plaintiff requested review of the ALJ's decision (AR 224-227), which was denied by the Appeals Council on August 30, 2022. AR 1-7. Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence is "more than a mere scintilla." It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, --U.S.--, 139 S.Ct. 1148, 1154 (2019)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

**A. Establishing Disability Under the Act.**

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180

F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520.  The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits.  If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two.  *See* 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits.  If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three.  *See* 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits.  If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four.  *See* 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits.  If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step.  *See* 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits.  *See* 20 C.F.R. § 404.1520(f)(1).  If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do.  There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2.  If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits.  *See* 20 C.F.R. §§ 404.1520(f), 404.1562.  If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits.  *See id*.

At step one, the ALJ found Plaintiff meets the insured status required by the Act through December 31, 2024 and has not engaged in substantial gainful activity since September 4, 2019, the alleged disability onset date. AR 30-31. At step two, the ALJ found Plaintiff had severe impairments of obesity, degenerative disc disease of the lumbar spine, anxiety disorder, and depressive disorder. AR 31. At step three, the ALJ found none of Plaintiff's severe impairments, considered singly or in

combination, met or medically equaled the criteria of any impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  AR 32.

In preparation for step four, the ALJ determined "[a]fter careful consideration of the entire record, … [Plaintiff] has the residual functional capacity [("RFC")] to perform light work as defined in 20 CFR 404.1567(b) except she can do occasional postural movement, except no climbing ladders, ropes, or scaffolds.  She can do no work at heights or around dangerous moving machinery.  She can perform simple, repetitive tasks with reasoning level 2-3. She can have occasional contact with supervisors, co-workers, and the general public."  AR 34.

At step four, the ALJ concluded Plaintiff is not capable of performing her past relevant work as a customer service representative and payroll clerk.  AR 38.  In making this finding, the ALJ relied on the testimony of the Vocational Expert ("VE"), who testified that Plaintiff could not perform these jobs with the assigned RFC limitations.  AR 38.  At step five, the ALJ determined that, after considering the testimony of the VE and Plaintiff's age, education, work experience, and RFC, Plaintiff would be able to perform the requirements of other representative occupations.  AR 39.  Because the ALJ concluded Plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy, the ALJ determined Plaintiff was not under a disability, as defined by the Act, from September 4, 2019 through the date of the ALJ's decision. AR 39.

**B.** **Plaintiff Claims the ALJ's RFC Assessment is not Supported by Substantial Evidence**.

Plaintiff contends the ALJ's RFC assessment is not supported by substantial evidence.  ECF No. 14 at 5-6.  Specifically, Plaintiff complains the physical limitations portion of the RFC lacks record support. *Id.* at 6.  Plaintiff argues the ALJ found state agency physician Dr. Gleason's opinion unpersuasive, while contending this is the only medical opinion in the record addressing Plaintiff's physical limitations.  *Id. citing* AR 37.  Plaintiff says that without a medical opinion to rely upon, the ALJ impermissibly used his own untrained medical opinion when arriving at the physical portions of Plaintiff's RFC.  *Id.*  Plaintiff states the ALJ could have taken a number of steps to develop the record further, such as ordering a consultative examination or requiring a medical expert to testify at the hearing; however, the ALJ instead chose to formulate an RFC based on his lay

opinion. *Id.* at 7-8. Plaintiff says the ALJ did not adequately explain how he translated Plaintiff's severe physical impairments into a limited range of light work. *Id.* at 8. Plaintiff concludes the ALJ's failure to formulate an RFC supported by substantial evidence requires remand for further proceedings. *Id.* at 9.

C. **The Commissioner Argues Substantial Evidence Supports the ALJ's RFC Finding**.

The Commissioner states that the ALJ "reasonably evaluated Plaintiff's RFC based on all the evidence in the record" and "properly reviewed and formed conclusions about the medical evidence." ECF No. 16 at 4 *citing* AR 34-38. The Commissioner contends the record was complete and the ALJ was under no obligation to develop it further. *Id.* at 5. The Commissioner points to the ALJ's synthesis of Plaintiff's medical records and subjective complaints, medical opinions of state agency and other physicians, and a statement from Plaintiff's husband as he tailored an RFC to fit Plaintiff's needs. *Id.* at 5-6 *citing* AR 34. The Commissioner reminds the Court of the existing administrative deference and case law granting the ALJ the authority to resolve any ambiguities in the medical record when arriving at his or her RFC determination. *Id.* at 6.

The Commissioner argues that the ALJ took note of Plaintiff's testimony regarding her back pain for the past several years after her accident. *Id.* at 7-8 *citing* AR 34. The ALJ documented Plaintiff's history of spinal injuries beginning with her injury in May 2018, and proceeding with multiple doctor's office visits in 2020 where observation and x-rays of Plaintiff were conducted. *Id.* at 8 *citing* AR 37. The Commissioner points to the ALJ's consideration of Plaintiff attending six sessions of physical therapy commencing in February 2021 through April 2021 to address her spinal condition. *Id. citing id.* The Commissioner focuses on the ALJ's recap of Plaintiff's April 2021 examination notes in which Plaintiff demonstrated generally normal physical signs (normal gait, no edema, no complaints of spinal pain, good cardiovascular health, and positive reactions to prescribed treatment for obesity). *Id.* at 9 *citing* AR 36-37.

The Commissioner turns to the ALJ's analysis of the medical opinions in the record arguing the ALJ properly evaluated the opinions of state agency Drs. M. Gleason and Dominick Addonizio, two physicians who addressed Plaintiff's physical impairments. *Id.* The ALJ found Dr. Gleason and Dr. Addonizio's opinions to be unpersuasive because they did not address Plaintiff's obesity

and degenerative disc disease, impairments the ALJ deemed to be severe. *Id. citing* AR 37. The Commissioner avers that the ALJ was correct in making this finding as neither Dr. Gleason nor Dr. Addonizio had access to record evidence concerning Plaintiff's physical impairments. *Id*. at 10 *citing id.* These doctors examined Plaintiff prior to her reporting her spinal issues. *Id.* The Commissioner points to the ALJ's reliance on a form completed by Plaintiff's husband in which he made no mention of Plaintiff suffering debilitating effects from a spinal impairment. *Id. citing* AR 38. Instead, the only physical impairment referenced by Plaintiff's husband was Plaintiff's inability to do yard work due to asthma and allergies. *Id.*

The Commissioner contends this thorough review of the medical evidence yielded a valid conclusion by the ALJ that Plaintiff should be limited to light work with certain postural and environmental limitations. *Id. citing* AR 34. The Commissioner argues the ALJ was within his discretion to make findings concerning the medical opinions in the record; the ALJ was under no obligation to develop the record further through any of the means suggested by Plaintiff; and no additional development of the record would have changed the outcome of the ALJ's decision. *Id.* at 11-13. For these reasons, the ALJ requests the Court affirm the decision of the ALJ. *Id.* at 13.

**D.**     **Summary of the ALJ's Decision**.

The ALJ identified Plaintiff's obesity, degenerative disc disease of the lumbar spine, anxiety disorder, and depressive disorder as severe. AR 31. However, the ALJ found none of these impairments, singularly or in combination, met or equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 32. The ALJ then discussed the two physical impairments the ALJ deemed severe. Regarding Plaintiff's back pain, the ALJ referenced the genesis of the impairment—an injury in May 2018—and the progress made in August 2020 when Plaintiff denied having any muscle, back, or joint pain at that time. *Id. citing* AR 643. The ALJ noted x-rays in December 2020 that revealed Plaintiff did in fact suffer from degenerative disc disease, with degenerative joint disease of facet joints. *Id. citing* 686. Plaintiff attended physical therapy to address the disc disease in February 2021. *Id. citing* 646-649. At an April 2021 exam, Plaintiff displayed mostly normal clinical signs, such as normal ambulation and strength, and no edema. *Id. citing* AR 676. Regarding Plaintiff's obesity, the ALJ performed the necessary

evaluation under Social Security Regulation ("SSR") 19-2p determining, based on Plaintiff's height (5'5"), weight (240 pounds), and Body Mass Index (39), her history of hypertension, hyperlipidemia, and with her generally positive clinical signs in April 2021 (AR 676), Plaintiff's obesity was severe but not at listing level. *Id.* The ALJ then thoroughly discussed the severity of Plaintiff's mental impairments concluding that they too did not rise to listing level. AR 33-34.

After crafting Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence in the record. AR 34-35. The ALJ recapped Plaintiff's allegations that she suffered disability due to a combination of back pain, effects from obesity, panic attacks, and decreased concentration as a result of her depression and anxiety. AR 34 *citing* AR 273.

The ALJ discussed various medical opinions and administrative findings in the record. AR 37. First he addressed the initial determination by Dr. Gleason that Plaintiff's asthma and cardiac dysrhythmia were not severe. *Id. citing* AR 90. At reconsideration, Dr. Addonizio reached the same conclusion. *Id. citing* AR 112-113. Because Drs. Gleason and Addonizio's opinions did not address Plaintiff's obesity and back pain from degenerative disc disease, the ALJ found their opinions regarding Plaintiff's physical limitations unpersuasive. *Id. citing* AR 686, 806. Finally, the ALJ cited a May 2020 Function Report completed by Plaintiff's husband in which, despite numerous prompts requesting information about Plaintiff's disabilities and impairments, the husband stated several challenges that his wife faced but none relating to her physical status. AR 38 *citing* AR 270.

E.   **Analysis**

An RFC assessment must "[c]ontain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate." SSR 96-8p, 61 Fed. Reg. at 34478. To the extent the evidence could be interpreted differently, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). That said, an ALJ, not a doctor, is responsible for determining a plaintiff's RFC. 20 C.F.R. § 404.1546(c); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (noting that "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC").

The ALJ's findings of fact, as embodied in the RFC, are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *See Burch*, 400 F.3d at 679. Consequently, the issue before the Court is not whether the ALJ could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

The ALJ did not substitute his lay opinion in place of medical evidence in the record. Instead, the ALJ discussed the medical evidence impacting his RFC formulation[1] and addressed the only two medical opinions in the record in which the treating physician analyzed the presence of any physical impairments suffered by Plaintiff. AR 37. Because the opinions of Drs. M. Gleason and Dominick Addonizio took place before Plaintiff was diagnosed with degenerative disc disease, the ALJ concluded that their opinions had no value for purposes of formulating the physical prong of Plaintiff's RFC. AR 37 *citing* AR 90, 112-113, 686, 806. Based on all the information in the record the ALJ crafted Plaintiff's RFC including certain postural, environmental, and activity restrictions addressing the ALJ's finding Plaintiff does suffer effects from degenerative disc disease. AR 34.

Plaintiff is not entitled to remand because she is displeased with the ALJ's conclusions. *See Jackson v. Saul*, Case No. EDCV 19-01576-JEM, 2020 WL 2768682, at *5 (C.D. Cal. May 27, 2020) ("Plaintiff simply disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record.") (citation omitted). The ALJ is obligated to develop the record further "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Ford*, 950 F.3d at 1156, *citing Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001); 20 C.F.R. § 404.1520b(b)(2). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Garner v. Kijakazi*, Case No. 3:22-cv-00066-CLB, 2022 WL 17976944, at *5 (D. Nev.

---

[1] The ALJ discussed the form completed by Plaintiff's husband in May 2020 indicating a lack of physical impairment (AR 38 *citing* AR 270), the August 2020 medical report in which Plaintiff denied having any muscle, back, or joint pain (AR 32 *citing* AR 643), Plaintiff's attendance at physical therapy in February 2021 for degenerative disc disease (*id. citing* AR 646), and physical exams in April 2021 demonstrating normal respiratory and cardiovascular signs along with no edema (*id. citing* AR 676).

Dec. 28, 2022), *citing Tonapetyan v. Halter*, 242 F.3d 1144,1150 (9th Cir. 2001). As stated *supra*, the ALJ supported his RFC with translating and incorporating all material in the record (including medical records), discounted medical opinions less favorable to Plaintiff, and reached an RFC with rational conclusions regarding Plaintiff's limitations. There is no evidence in the ALJ's analysis that he found the record ambiguous, and the Court does not make such a finding here.

The Court finds the ALJ's RFC was supported by substantial evidence. As such, the Court affirms the Commissioner's decision and denies Plaintiff's Motion for Reversal and Remand on the contention that the ALJ's RFC determination was not supported by substantial evidence.

## IV.     ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 16) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must enter judgment in favor of Defendant and close this case.

DATED this 12th day of May, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE